Robert F. Jacobs, Esq. (CSB# 195344)
ROBERT F. JACOBS & ASSOCIATES, PLC
12631 Imperial Hwy., Suite A-113
Santa Fe Springs, CA 90670
Phone: (562) 462-1424
Fax: (562) 462-1380
Attorney for Petitioner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIABA NOBLE, ELIZABETH<br>[A027-566-342]<br>Petitioner,<br>v.<br>WARDEN (OR FACLITY ADMINISTRATOR), ADELANTO ICE PROCESSING CENTER; THOMAS GILES, ACTING FIELD OFFICE DIRECTOR OF ICE ENFORCEMENT AND REMOVAL OPERATIONS, LOS ANGELES FIELD OFFICE;<br>MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY;<br>DAVID VENTURELLA, SENIOR OFFICIAL PERFORMING DUTIES OF DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;<br>TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES.<br>Respondents. | Civil Action No.:<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLATORY AND INJUCTIV RELIEF**<br><br>**IMMEDIATE RELIEF REQUESTED: PETITIONER IS IN ICE CUSTODY AND HAS BEEN INFORMED THAT DHS INTENDS TO REMOVE HER TO GHANA**<br><br>**[28 U.S.C. § 2241]** |

ELIZABETH YIABA NOBLE, ("Petitioner"), respectfully petitions this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her unlawful immigration detention.

Petitioner is a sixty-three (63) year old, female, native and citizen of Sierra Leone. She first entered the United States in 1986 and was previously granted Lawful Permanent Resident

("LPR") status on or about January 31, 1990. Subsequently, Petitioner was placed into removal proceedings and was granted Withholding of Removal from Sierra Leone by an immigration judge on July 9, 2013.

For approximately 13 years thereafter, DHS permitted Petitioner to live in the United States under an order of supervision pursuant to the grant of Withholding of Removal. Petitioner complied with ICE's reporting requirements and her conduct demonstrates compliance and willingness to participate in the immigration process.

Petitioner's grant of Withholding of Removal has never been revoked, rescinded or invalidated. Nevertheless, on September 22, 2026, Petitioner appeared at 300 N. Los Angeles for a scheduled ICE check-in and ICE officers abruptly took her into custody.

ICE Officer S. Hottya served Petitioner with a Notice of Revocation of Release stating her release had been revoked pursuant to 8 C.F. R. §241.4(l) with removal to an unspecified alternate country. Additionally, Petitioner was orally informed of DHS's intentions to remove her to the country of Ghana.

Immediately upon learning of DHS's intention to remove Petitioner, through undersigned counsel, expressly informed ICE that Petitioner fears persecution and/or torture in Ghana and invokes protection under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the Convention Against Torture ("CAT").

At the time this petition is filed, Petitioner has not yet received a written Third Country Notice of Removal identifying Ghana or any other third-country.

This case does not challenge Petitioner's underlying final order of removal. Nor does Petitioner contend that her existing grant of withholding from Siera Leone automatically prohibits removal to every third country.

Instead, Petitioner challenges (a) her sudden re-detention after years of compliant supervised release without the due process required by federal law and regulations; and (b) Respondents' threatened execution of a newly designated third-country removal without meaningful notice and an opportunity to adjudicate Petitioner's withholding and CAT claims.

Ninth circuit law squarely establishes that a noncitizen cannot be subjected to last-minute third-country removal without notice and an opportunity to pursue protection from that country. *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999); *Sadychov v. Holder*, 565 F. App'x 648, 651 (9th Cir. 2014).

Five days ago, the Central District applied those principles in circumstances strikingly similar to this case. In *Bonilla-Romero v. Mullin*, No. 5:26-cv-04569-CTS (C.D. Cal. Sept. 17, 2026), the petitioner had been granted CAT withholding from Honduras, had lived in the community under ICE supervision, and was detained at an ICE check-in after ICE began pursuing removal to a third country. The Court granted habeas relief, ordered his release, and enjoined third-country removal absent adequate notice and an opportunity to pursue protection from the newly designated country.

Similarly, Petitioner's current detention is therefore arbitrary, punitive, and contrary to the Fifth Amendment and the Supreme Court's mandate in Zadvydas v. Davis, 533 U.S. 678 (2001).

Petitioner seeks an immediate stay of removal, immediate release under reasonable supervision, or alternatively and expedited individualized custody hearing, attorney fees if otherwise authorized, and any other relief the court deems just and proper because continued detention constitutes irreparable constitutional injury. Courts within this District routinely recognize that habeas petitions challenging unlawful immigration detention warrant prompt

review where liberty interests are at stake and the Government bears the burden of justifying confinement.

Petitioner is in the custody of the Department of Homeland Security, and the Immigration and Customs Enforcement ("ICE") District Director for the Los Angeles District, Jamie Rios. She is detained at the ICE Detention Facility in Adelanto, California.

## I. NATURE OF THE ACTION

Petitioner is a former LPR who was placed into Removal Proceedings due to her criminal convictions. In Removal Proceedings, Petitioner filed an I-589 application and was granted Withholding of Removal on July 9, 2013. Petitioner remained in the U.S. and continued to care for her two U.S. Citizen ("USC") daughters as a single mother. Petitioner has not been arrested or convicted of any further criminal activity since 2017, and two convictions that caused the initiation of the Removal Proceedings have been vacated due to a legal invalidity.

On September 22, 2026, Petitioner presented herself for her ordinary ICE Check-in located at 300 N. Los Angeles St., Los Angeles, CA 90012. However, she was detained by ICE and remains in detention at the Adelanto Detention Facility.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3); Art. I, § 9, Cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is being unlawfully detained. The court may grant relief pursuant to the habeas statute, 28 U.S.C. § 2241; the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; and the All Writs Act, 28 U.S.C. § 1651. This action arises under the U.S. Constitution and the INA, 8 U.S.C. § 1101 *et seq.*

Venue is proper in this District because Petitioner is detained by ICE in Adelanto, California within the Central District of California.

Because habeas relief is intended to be swift, Petitioner respectfully requests review on an expedited basis consistent with this Court's authority under 28 U.S.C. § 2243.

## III. BACKGROUND

Petitioner is sixty-three (63) year old, single female, native and citizen of Sierra Leone and former Lawful Permanent Resident ("LPR") of the United States. (*See* Ex. A ("*See* A") Petitioner's Former LPR Card). She arrived in the United States over thirty-eight (38) years ago in 1986 pursuant to a lawful visa entry, and she was previously granted Lawful Permanent Resident ("LPR") status. Unfortunately, beginning in approximately 2000 Petitioner began suffering from significant, then-undiagnosed, mental health disorders as a result of severe financial mismanagement by her then-partner and father of her United States Citizen daughters. In 2001, Petitioner was diagnosed with schizoaffective disorder and began receiving medication and treatment through Long Beah Mental Health Center. (*See* B – Medical Documents Regarding Petitioner's Mental Health Stability). Petitioner mistakenly believed she could overcome these issues without treatment and did not take her medication.

Consequently, Respondent would succumb to her mental illness causing her to become easily confused and often heard voices commanding her to do things. As a result, Petitioner would suffer several arrest and convictions primarily involving shoplifting (petty theft). (*See* C – California Department of Justice Results).

Ultimately, Petitioner was placed into Removal Proceedings due to her criminal convictions. Petitioner previously had two (2) convictions that rendered her statutorily ineligible for Cancellation of Removal ("COR") under INA § 240(a) when she was in removal proceedings. First, on or about February 5, 2002, Petitioner was convicted in case BA217976 of theft, PC § 487(a), and given a suspended sentence of two (2) years in prison. (*See* C). Secondly,

on or about July 29, 2004, Petitioner was convicted in case NA059542 of petty theft with a prior, PC § 666, and sentenced to sixteen months in state prison. (*See* C). Therefore, Petitioner alternatively filed an I-589 Application for Asylum and was granted Withholding of Removal on July 9, 2013. (*See D* – Immigration Judge's Order Granting Withholding of Removal).

Petitioner has not been arrested or convicted of any further criminal activity since 2017. Moreover, on February 1, 2022, the criminal court vacated Respondents PC § 487 (a) conviction under PC § 1473.7. (*See* E – Judges Order Vacating Conviction). Additionally, on September 21, 2022, the criminal court vacated Respondents PC § 666 conviction under PC § 1473.7. (*See* F– Judges Order Vacating Conviction). After each conviction and sentence were vacated, criminal proceedings were reinstated and ultimately dismissed upon the motion of the prosecution.

Accordingly, based on the foregoing, the record conclusively shows that the Respondent's criminal convictions have been vacated due solely to legal invalidity in the underlying criminal proceedings, and neither conviction carries adverse immigration consequences. Additionally, Petitioner is a pillar in her community and has successfully raised two (2) USC daughters as a single mother, Nanfo and Sarah (*See* G – Children's U.S. Birth Certificates). Sarah currently attends The University of West Los Angeles School of Law and is financially dependent on the Petitioner. Additionally, Petitioner's eldest daughter, Nanfo, is a graduate from Howard University and is currently employed as an architect.

Petitioner has done the utmost to rebuild and reform her Ife, and she has earned the respect and admiration of her children and community. (*See* H & I– Recommendation Letters & Certificates). Additionally, Petitioner is already in the process of attempting to re-open her prior removal order due to her eligibility to re-adjust status under INA § 245(a) based on both her

prior visa entry in 1986 and her prior admission in LPR status. Petitioner has an I-130 from her USC daughter that is already filed and pending with USCIS since February 5, 2025. (See J – I-130 Receipt Notice). That Petition has now been pending for nineteen (19) months and is sure to be granted because Petitioner's relationship to her USC daughter is genuine. Upon approval of the I-130, Petitioner intended to immediately seek re-opening and termination of her prior removal proceedings to allow her to file for re-adjustment of status.

Nevertheless, despite her demonstrated reform, rehabilitation, and cooperation with ICE's order of supervision, Petitioner was suddenly detained and threatened with removal to a third country by ICE on September 22, 2026. (*See* K – Notice of Revocation of Release).

## IV. <u>FIRST CLAIM FOR RELIEF</u>

**Fifth Amendment—Unlawful Revocation of Release Without Due Process**

Petitioner possesses a substantial liberty interest arising from her valid grant of Withholding of Removal by an immigration judge, her longstanding release into the community and years of compliance with ICE supervision.

Respondents abruptly deprived Petitioner of that liberty without constitutionally adequate notice or a meaningful opportunity to contest the asserted basis for re-detention.

To the extent Respondents rely upon changed circumstances or newly foreseeable removal to justify re-detention, Petitioner disputes that any legally sufficient changed circumstance existed at the time when ICE revoked her release.

Respondents' re-detention therefore violated the Due Process Clause of the Fifth Amendment.

## V. <u>SECOND CLAIM FOR RELIEF</u>

**Fifth Amendment — Third-Country Removal Without Meaningful Notice and Opportunity to Seek Protection**

The Fifth Amendment guarantees Petitioner due process before DHS may remove her to a newly designated country in which she claims she faces persecution or torture.

*Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999), holds that failure to provide notice and an opportunity to seek withholding from the designated country of removal violates due process.

*Sadychov v. Holder*, 565 F. App'x 648, 651 (9th Cir. 2014), likewise recognizes that when a different country becomes the designated country of removal, the agency must provide notice and an opportunity to reopen proceedings for adjudication of withholding.

Recent courts within this District have likewise repeatedly applied these principles to DHS's present third-country-removal practices.

In *Quach v. Mullin*, No. 5:26-cv-03843-MAR, 2026 WL 2126433, at *4 (C.D. Cal. July 21, 2026), the court concluded that a petitioner was entitled to written notice and a meaningful opportunity to respond in reopened proceedings under § 1231(b)(3) before attempted third-country removal. Most recently, *Bonilla-Romero v. Mullin*, No. 5:26-cv-04569-CTS (C.D. Cal. Sept. 17, 2026), applied *Andriasian* and *Sadychov* and granted relief where ICE sought third-country removal of a person already protected from removal to his designated country.

Respondents' threatened removal of Petitioner to Ghana without meaningful notice and an adequate opportunity to adjudicate her Ghana-specific withholding and CAT claims violates the Fifth Amendment.

## VI. <u>THIRD CLAIM FOR RELIEF</u>

**INA § 241(b)(3) — Statutory Withholding From Ghana**

Under 8 U.S.C. § 1231(b)(3)(A), the United States may not remove a noncitizen to a country where her life or freedom would be threatened because of race, religion, nationality, membership in a particular social group, or political opinion, subject to statutory exceptions.

The statutory protection is country-specific.

Petitioner's prior proceedings did not adjudicate whether § 1231(b)(3) prohibits removal to Ghana because Ghana was not identified as a country of removal.

Once Respondents designated Ghana, Petitioner became entitled to a meaningful mechanism to assert and adjudicate § 1231(b)(3)'s prohibition before physical removal. Removing Petitioner before such adjudication would defeat the substantive statutory protection Congress created.

## VII. FOURTH CLAIM FOR RELIEF

**Convention Against Torture — Removal to a Third-Country Without Adjudication of CAT Claim**

The United States may not remove Petitioner to a country where it is more likely than not that she will be tortured within the meaning of CAT and its implementing law.

Respondents may not render that protection meaningless by physically removing Petitioner before she has a meaningful opportunity to present and obtain adjudication of the claim. Any reliance upon generalized or undisclosed diplomatic assurances from a third country cannot constitutionally substitute for meaningful notice and an opportunity to present Petitioner's individualized claim.

## VIII. SIXTH CLAIM FOR RELIEF

**Unlawful Post-Order Detention — 8 U.S.C. § 1231(a)(6) and Zadvydas**

Petitioner's statutory removal period expired years ago.

custody hearing. Alternatively, issue an Order to Show Cause why the Court should not grant the Writ, under 28 U.S.C. § 2243.

Petitioner also requests that the Court hold that her detention violates her statutory rights, and her rights to substantive and procedural due process, and violates the double jeopardy and *ex post facto* clauses of the United States Constitution.

Petitioner also requests that the Court award Petitioner's attorneys' fees and costs under EAJA and grant any other relief that the Court deems just and proper.

On those bases, as well as the statutory basis above, Petitioner requests that the Court order DHS to release her immediately under the conditions of supervision set out in 8 U.S.C. § 1231(a)(3).

Dated: September 23, 2026

Respectfully submitted,
**ROBERT F. JACOBS & ASSOCIATES, PLC**

By: ______________________
Robert F. Jacobs, Esq.
Attorney for Petitioner
Elizabeth Yiaba Noble

**VERIFICATION**

COUNTY OF LOS ANGELES )
)
STATE OF CALIFORNIA )

I, ROBERT F. JACOBS declare:

I am an attorney duly licensed to practice law in all of the courts of the State of California, and I am the attorney for petitioner in this matter. I have written and read the foregoing: EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUSCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF; WRIT OF VERIFICATION; EXHIBITS, and all the facts alleged therein, not otherwise supported by citation to the record, exhibits, or other documents, are true of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this September 23, 2026, at Santa Fe Springs, California.

By: ______________________
Robert F. Jacobs, Esq.
Attorney for Petitioner
Elizabeth Yiaba Noble

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ELIZABETH YIABA NOBLE,**

**Petitioner,**

v.

**WARDEN (OR FACLITY ADMINISTRATOR), ADELANTO ICE PROCESSING CENTER; ERNESTO SANTACRUZ, ACTING FIELD OFFICE DIRECTOR OF ICE ENFORCEMENT AND REMOVAL OPERATIONS, LOS ANGELES FIELD OFFICE; KRISTI NOEM, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, SENIOR OFFICIAL PERFORMING DUTIES OF DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES.**

**Respondents.**

## PROOF OF SERVICE

I, Alyssa Ledezma, declare:

I am over the age of 18 years and not a party to the above-entitled matter. My business address is: 12631 Imperial Hwy., Suite A-113, Santa Fe Springs, CA 90670.

On September 24, 2026, I served the foregoing document entitled: **EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUSCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF; WRIT OF VERIFICATION; EXHIBITS,** by placing a true and correct copy in a sealed envelope with prepaid postage and depositing it for collection and mailing via United States Mail and/or overnight delivery, addressed as follows:

United States Attorney for the Central District of California
Attn: Civil Process Clerk
300 North Los Angeles Street, Suite 7516
Los Angeles, California 90012

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Office of Chief Counsel
U.S. Immigration and Customs Enforcement
606 South Olive Street, 8th Floor
Los Angeles, California 90014

Electronic Service was additionally completed by transmitting a copy via email to counsel for Respondents where known.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 9/24/2026 at Santa Fe Springs, California.

Because service has been effected pursuant to Federal Rule of Civil Procedure 4(i), Petitioner respectfully requests prompt review consistent with the expedited procedures contemplated by 28 U.S.C. § 2243.

Alyssa Ledezma

Alyssa Ledezma