**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH YIABA NOBLE,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No. 5:26-cv-05633-MBK<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

Petitioner Elizabeth Yiaba Noble, a 63-year-old citizen of Sierra Leone, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Ms. Noble first entered the United States in 1986 and was granted Lawful Permanent Resident ("LPR") status in 1990. In or about 2000, Ms. Noble began presenting with mental illness, which eventually led to a diagnosis of schizoaffective disorder in 2001. In the years that followed, she struggled to maintain her medication and treatment and, during bouts of psychotic behavior, committed several theft offenses. In 2013, Ms. Noble was ordered removed based on her criminal convictions, but was granted Withholding of Removal. Over the past decade, Ms. Noble's mental

health has been better managed and she has worked to rebuild her life. Ms. Noble has raised two United States citizen daughters, one of whom is currently enrolled in law school and financially dependent on her. She has not engaged in any recent criminal conduct and, in 2022, her theft convictions were vacated. In February 2025, Ms. Noble's eldest daughter filed a Form I-130 (Petition for Alien Relative) on her behalf, which remains pending.

On September 22, 2026, Ms. Noble appeared for a scheduled appointment with Immigration and Customs Enforcement ("ICE") and was abruptly taken into custody. ICE served her with a Notice of Revocation of Release pursuant to 8 C.F.R. § 241.4(l) and orally informed she was to be removed to Ghana. Through counsel, she invoked protection against removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the Convention Against Torture. ICE subsequently transferred her to the Adelanto Detention Facility, where she remains today.

In the instant habeas petition, Ms. Noble challenges (1) her re-detention without due process after years of compliant supervised release, (2) Respondents' threatened execution of a newly designated third-country removal without meaningful notice and opportunity to be heard on her protection claims, and (3) her ongoing detention in violation of 8 U.S.C. § 1231 as construed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Ms. Noble has also filed an application for a temporary restraining order ("TRO"), seeking to prevent her removal while her habeas case remains pending. Respondents did not file a response to the TRO application or an answer to the Petition by the court-ordered deadlines. In light of Respondents' non-opposition, the Court

concludes that Ms. Noble's detention violates due process and the immigration laws, and she is entitled to immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner is a 63-year-old native and citizen of Sierra Leone. Dkt. 1 at 5. She has two United States citizen children, the younger of whom is a student at the University of West Los Angeles School of Law and is financially dependent on Petitioner. Dkt. 1 at 6. Petitioner's eldest child is a graduate of Howard University and currently works as an architect. *Id.* Since at least 2014 and substantially from 2020 onward, Petitioner has been consistently recognized as a leader of her community. Dkt. 1-1 at 30-56 (letters of support, awards, and recognitions). Petitioner has received particular recognition for her television and radio show, Yaba TV, where she promotes African and African-American culture in Southern California. *Id.*

Petitioner first entered the United States in 1986 via lawful visa entry in 1986, (Dkt. 1 at 5), and was granted LPR status on or about January 31, 1990. *Id.* at 1-2; Dkt. 1-1 at 3. In or about 2000, Petitioner began presenting with mental illness, which eventually led to a diagnosis of schizoaffective disorder in 2001. Dkt. 1 at 5. Petitioner subsequently began receiving treatment at the Long Beach Mental Health Center, but mistakenly believed she could overcome the disorder without medication. *Id.*

Without adequate treatment, Petitioner would often succumb to her mental illness and hear voices commanding her to do things, such as shoplift. *Id.* Petitioner was eventually arrested and convicted of theft twice, first in 2002 and again in 2004. *Id.* at 5-6. Petitioner was subsequently placed into removal proceedings, where her convictions rendered her ineligible for Cancellation of Removal under INA § 240(a). *Id.* at 5. Petitioner filed an

Application for Asylum and was granted a Withholding of Removal on July 9, 2013. *Id.* at 6. Petitioner has not been arrested or convicted of any further criminal activity since 2017. *Id.* In 2022, the Superior Court vacated both of the above-described theft convictions and sentences for invalid procedure. *Id.* The criminal proceedings were then reinstated but ultimately dismissed by the prosecution. *Id.*

Through her eldest child, Petitioner has an I-130 (Petition for Alien Relative) application currently pending with United States Citizenship and Immigration Services, originally filed on February 5, 2025. *Id.* at 6-7; Dkt. 1-1 at 57. Upon approval, Petitioner intends to re-open and seek termination of her prior removal proceedings and file for re-adjustment of status. Dkt. 1 at 7.

For the past 13 years, after Petitioner was granted her Withholding of Removal in 2013, DHS permitted Petitioner to live at liberty in the United States under an Order of Supervision. *Id.* at 2. Throughout this time, Petitioner has complied with all of ICE's reporting requirements. *Id.* Petitioner's Withholding of Removal has never been revoked, rescinded, or invalidated. *Id.*

On September 22, 2026, Petitioner appeared for a scheduled ICE check-in appointment, where she was abruptly taken into custody. *Id.* An ICE officer then served Petitioner with a Notice of Revocation of Release, stating her release had been revoked pursuant to 8 C.F.R. § 241.4(l). *Id.* The notice did not specify the removal country, but Petitioner was orally informed she would be removed to Ghana. *Id.* Through counsel, Petitioner objected for fear of persecution and/or torture in Ghana and invoked protection under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the Convention Against Torture. *Id.*

Petitioner filed the instant petition on September 24, 2026. Petitioner claims her re-detention without materially changed circumstances and

adequate pre-deprivation process violates the Due Process Clause, her threatened removal to a third country without notice or an opportunity to be heard violates the asylum laws, and her ongoing detention violates Petitioner's statutory rights under 8 U.S.C. § 1231(a)(6).[1] *Id.* at 7-10. Petitioner separately filed an application for a temporary restraining order ("TRO") to prevent her removal to Ghana or other third-country while her habeas case remains pending.

That same date, on September 24, 2026, this Court ordered Respondents to file a response to the TRO application by September 25, 2026. Dkt. 7. Pursuant to General Order 26-05 and the briefing schedule, (Dkt. 5), Respondents' answer to the Petition was due on or before October 1, 2026. However, as of the date of this order, Respondents have not filed a response to the TRO or to the Petition, and Respondents have not made an appearance in this case.

## II. DISCUSSION

Petitioner Elizabeth Yiaba Noble advances five claims challenging her ongoing detention, which present three sets of issues. First, Petitioner argues that her re-detention without materially changed circumstances and adequate pre-deprivation process violates due process. Dkt. 1 at 7. Second, she raises three claims challenging Respondents' threatened removal of Petitioner to Ghana without adequate notice or an opportunity to seek protection from a third-country removal under the asylum laws. *Id.* at 8-9. Third, Petitioner argues that her ongoing detention violates 8 U.S.C. § 1231, as construed by

---

[1] The Petition appears to be missing page 10. Petitioner's Sixth Claim for Relief, unlawful post-order detention under 8 U.S.C. § 1231(a)(6) and *Zadvydas*, begins at the end of page 9. Page 11 starts midway through what appears to be the prayer for relief. However, the missing page is not necessary for the Court's decision.

*Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood of her removal in the reasonably foreseeable future. *Id*. at 9-10.

Respondents have not filed an answer or otherwise contested Petitioner's claims. Respondents also did not file a response to Petitioner's TRO application, despite this Court's direction to do so. Dkt. 7. "The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits." *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026).

Respondents' failure to oppose Petitioner's claims is a concession. *See Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In light of Respondents' non-opposition, the Court finds that Petitioner has shown that her detention violates due process and the immigration laws. This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026). It is also well-established that noncitizens may not be removed to a third country without adequate notice and an opportunity to seek protection against such removal under the asylum laws. *See Doe v. Semaia*, No. 5:26-cv-04669-MBK, 2026 WL 2587880, at *3 (C.D. Cal. Sept. 1, 2026) (*D.V.D v. U.S. Dep't of Homeland Sec.*, No. 25-10676-BEM, 2026 WL 521557, at *24-40 (D. Mass. Feb. 25, 2026)). Finally, Respondents have failed to rebut Petitioner's showing that her removal is not reasonably foreseeable and therefore her detention is not authorized under 8 U.S.C. § 1231. *See Trieu v. Mullin*, No. 5:26-cv-01653-MBK, 2026 WL 1045194, at *8 (C.D. Cal. Apr. 17, 2026)

Based on Respondents' non-opposition and for the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on her due process and statutory claims.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Elizabeth Yiaba Noble's (A# 027-566-342) immediate release and prohibiting Respondents from re-detaining her without first providing notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention and provide her an adequate

opportunity to seek protection from removal to a third country; (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order; and (4) Petitioner's application for a TRO is denied as moot.

Dated: October 2, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE